NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0480n.06

No. 23-5090

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Nov 21, 2023

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE |
| v. | ) ) | UNITED STATES DISTRICT COURT FOR THE EASTERN |
| MARC ANDRE PETITFRERE aka Marc Andre Petit Frere, | ) ) ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) ) ) | OPINION |

Before: GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

KETHLEDGE, Circuit Judge. Marc Petitfrere pled guilty to federal gun and drug crimes, and now argues that his within-guidelines sentence was substantively unreasonable. We reject his arguments and affirm.

In September 2022, Petitfrere pled guilty to the following offenses: conspiracy to distribute methamphetamine and fentanyl, in violation of 21 U.S.C §§ 841(a)(1) and 846; possession with intent to distribute fentanyl, in violation of 21 U.S.C § 841(a)(1); possession with intent to distribute methamphetamine and fentanyl in violation of 21 U.S.C. § 841(a); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and maintaining a drug involved premises in violation of 21 U.S.C. § 856(a)(2).

Petitfrere's presentence investigation report recommended a base offense level of 36. That number was derived from the Sentencing Guidelines' Drug Conversion and Drug Quantity Tables,

which provide ratios to convert drugs to equivalent quantities of marijuana and assign offense levels based on those quantities. *See* U.S.S.G. § 2D1.1(c). For most drugs, the conversion uses the aggregate weight of the drug and everything it is mixed with, like cutting agents or contaminants. *Id.* § 2D1.1(c) Note (A). Fentanyl is converted using this aggregate approach, with each gram of a fentanyl-containing substance equaling 2.5 kilograms of marijuana. *Id.* § 2D1.1 cmt. n.8(D).

For methamphetamine, however, the Drug Quantity Table distinguishes among "Methamphetamine," "Methamphetamine (actual)," and "Ice." Note (A) to this table treats "methamphetamine" like most other drugs—namely, as the aggregate weight of any mixture or substance containing a detectable amount of methamphetamine; Note (B) defines the "actual" variant as the weight of the methamphetamine "itself, contained in the mixture or substance"; and Note (C) defines "ice" as the weight of "a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity." The Guidelines treat the "actual" and "ice" variants as ten times the weight of the detectable-quantity variant. *Id.* § 2D1.1 cmt. n.8(D). Thus, for example, one gram of "actual" methamphetamine (or one gram of "ice") is equivalent to 20 kilograms of marijuana; but one gram of a mixture or substance containing methamphetamine is equivalent to two kilograms of marijuana. *Id.*

Here, Petitfrere's presentence report found him responsible for 1,321.74 grams of "actual" methamphetamine (which converts to 26,434.80 kilograms of marijuana) and 1,797.63 grams of fentanyl (which converts to 4,494.08 kilograms of marijuana). The presentence report therefore found him responsible for a total "converted drug weight" of 30,928.88 kilograms—which corresponds to a base-offense level of 36. The report also recommended a two-level increase for Petitfrere's maintaining a drug premises and a three-level decrease for Petitfrere's acceptance of

responsibility, calculating his total offense level at 35. The report placed Petitfrere in criminal-history category I, and therefore recommended a guidelines range of 168 to 210 months' imprisonment for the drug convictions, followed by a mandatory 60-month consecutive sentence for the gun conviction.

At sentencing, Petitfrere asked the district court to proceed as if he was responsible for 1,321 grams of a mixture containing methamphetamine, rather than 1,321 grams of "actual" methamphetamine. That would have dropped his total offense level from 35 to 31, and lowered his guidelines range (for the drug convictions) to 108 to 135 months' imprisonment. He argued, specifically, that the distinction between "actual" methamphetamine and the detectable-quantity variant overstated his culpability because most sellers have moved to higher-purity products. But the district court disagreed, explaining at some length why it was not persuaded by Petitfrere's arguments. The court thereafter sentenced Petitfrere to 168 months' imprisonment for the drug convictions, consecutive to 60 months for the gun conviction, for a total of 228 months' imprisonment.

Petitfrere now argues that his sentence is substantively unreasonable. We presume the contrary, given that Petitfrere's sentence was within (indeed at the bottom of) his guidelines range. *See United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008) (en banc). Petitfrere first argues that his sentence is substantively unreasonable because the methamphetamine Guideline on which it is based is empirically flawed. But that argument is contrary to precedent: a district court may deviate from the Guidelines on those grounds, but is never required to do so. *See United States v. Kennedy*, 65 F.4th 314, 326 (6th Cir. 2023). Petitfrere also argues that the district court did not properly consider his argument at sentencing. But the sentencing transcript shows that the court

gave ample consideration to his argument, and found it unpersuasive. Petitfrere's sentence was substantively reasonable.

The district court's judgment is affirmed.